UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEMAN PAYNE,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | No. 1:17-cv-00906-DAD-MJS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 19) |

This matter is before the court on defendants' motion to dismiss. (Doc. No. 19.) On December 19, 2017, this motion came before the court for hearing. Attorney Theodore R. Slater appeared on behalf of plaintiff Coleman Payne. Attorney Lisa Anne Tillman appeared on behalf of defendants State of California, Department of State Hospitals, and Metropolitan State Hospital (hereinafter "defendants"). Having reviewed the parties' briefing and heard arguments, and for the reasons that follow, defendants' motion to dismiss will be granted.

**BACKGROUND**

In her complaint, plaintiff alleges as follows. On or about April 2, 2016, plaintiff was riding a borrowed bicycle she had obtained at an event for bicycle enthusiasts. (Doc. No. 1 ("Compl.") at ¶ 20.) Plaintiff believed that she was doing so with the consent of the owner. (*Id.*) While riding through an unincorporated part of Calaveras County, plaintiff was confronted by a sheriff's patrol SUV and an ambulance, and was taken into custody. (*Id.* at ¶¶ 20–21.) Plaintiff

was then transported to the Calaveras County Jail, where she was detained for roughly two months. (*Id.* at ¶¶ 23–24.)

Plaintiff alleges that she suffered numerous injuries during her confinement at the Calaveras County Jail. These injuries include denial of access to an attorney, near-constant solitary confinement, and denial of medications. (*See id.* at ¶¶ 24–27, 30.) As a result of the denial of necessary medication, plaintiff suffered numerous seizures. (*Id.* at ¶¶ 30–31.) Based on these allegations, plaintiff brings eight causes of action pursuant to 42 U.S.C. § 1983, as well as related state law claims. Counts one, two, three, four, five, and eight are asserted against the moving defendants.

On November 6, 2017, defendants filed the instant motion to dismiss, claiming that as state entities they are immune from § 1983 claims under the Eleventh Amendment, and that plaintiff has failed to state a cognizable claim against them for negligence. (Doc. No. 19.) On December 4, 2017, plaintiff filed her opposition. (Doc. No. 22.) On December 12, 2017, defendants filed their reply. (Doc. No. 23.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth

of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on such a motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

Defendants move for dismissal of counts one, two, three, four, five, and eight of the complaint. Defendants also request that the court take judicial notice of various documents. Before turning to the arguments made by defendants in support of their motions to dismiss, the court will first address defendants' request for judicial notice.

**1. Request for Judicial Notice**

Defendants ask the court to take judicial notice of the following: (1) a letter from the California Department of General Services to counsel for plaintiff Payne, dated June 28, 2017; and (2) a letter from the California Department of General Services to counsel for plaintiff Payne, dated July 26, 2017. (*See* Doc. No. 19-2 at 3–10.) The court will take judicial notice of these documents because they constitute agency records and the facts set forth do not appear subject to any reasonable dispute. *See United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008); *Minor v. FedEx Office & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1028 (N.D. Cal. 2015).

3

## 2. Section 1983 Claims

The Eleventh Amendment prohibits federal courts from hearing suits brought by private citizens against state governments without the state's consent. *Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Sofamor Danek Grp. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997); *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996). Thus, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir. 2012). Application of Eleventh Amendment immunity subjects a complaint to dismissal for lack of subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). Here, defendants move for dismissal of all claims brought against them under § 1983 on the ground that they are immune under the Eleventh Amendment.

State immunity extends to state agencies and to state officers who act on behalf of the state. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 142–46 (1993); *see also Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007) (Eleventh Amendment bars Section 1983 damages claims against state officials in their official capacity); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies). *Cf. Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422–23 (9th Cir. 1991) (noting that immunity may not apply if the entity "is organized or managed in such a way that it does not qualify as an arm of the state"). Pursuant to the Eleventh Amendment, state agencies and officials are generally immune from liability under 42 U.S.C. § 1983. *See Vierria v. Cal. Highway Patrol*, 644 F. Supp. 2d 1219, 1232 (E.D. Cal. 2009); *see also Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009); *Bair v. Krug*, 853 F.2d 672, 674–75 (9th Cir. 1988) (finding that RICO does not override a state's sovereign immunity).

There are various exceptions to Eleventh Amendment immunity. First, Congress may abrogate the states' sovereign immunity when it unequivocally expresses its intent to do so, and when it acts pursuant to a valid exercise of power. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 484 (9th Cir. 2008); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (noting

4

that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"). Second, the Eleventh Amendment does not bar suit in federal court against a state officer accused of violating federal statutory or constitutional law. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908). The *Ex parte Young* doctrine is premised on the notion that states cannot authorize state officers to violate the Constitution and laws of the United States. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104 (1984); *Sofamor Danek Grp.*, 124 F.3d at 1183. Accordingly, when a plaintiff brings suit against a state official alleging a violation of federal law, the court may award prospective injunctive relief, but may not award retroactive relief that requires the payment of funds from the state treasury. *Pennhurst*, 465 U.S. at 102–03; *Sofamor Danek Grp.*, 124 F.3d at 1184; *Nat. Res. Def. Council*, 96 F.3d at 422 ("[W]hen a plaintiff brings suit against a state official alleging a violation of federal law, the federal court may award prospective injunctive relief that governs the official's future conduct, but may not award retroactive relief that requires the payment of funds from the state treasury."); *see also Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992) (emphasizing that the Eleventh Amendment does not bar suits seeking damages against state officials sued in their individual capacities).

An entity invoking Eleventh Amendment immunity generally bears the burden of asserting and ultimately proving those matters necessary to establish its defense. *Del Campo v. Kennedy*, 517 F.3d 1070, 1075 (9th Cir. 2008); *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 762 n.1 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 2000). However, once a defendant meets this burden, the burden shifts to plaintiff to demonstrate that an exception to Eleventh Amendment immunity applies. *See Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

Here, defendants argue that as states and state agencies, plaintiff's claims against them should be dismissed. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) ("The two state agencies are also immune from suit because they are state entities, not individual state officers."); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999). Defendants assert in their motion to dismiss that they are states or state agencies, a conclusion plaintiff does not challenge. *See Walker v. King*, Case No. 1:16-cv-01665-AWI-EPG (PC), 2017

WL 4811704, *4 (E.D. Cal. Oct. 24, 2017) ("[B]ecause Coalinga State Hospital is part of the California Department of State Hospitals, which is a state agency, it is also entitled to Eleventh Amendment immunity from suit."); *Dixon v. California*, No. 1:17-cv-00858-BAM, 2017 WL 3172985, at *5 (E.D. Cal. July 26, 2017) (same). Here, plaintiff has not identified a viable exception to Eleventh Amendment immunity that would subject defendants to liability. It is well established that § 1983 does not constitute a "congressional override" of Eleventh Amendment immunity. *Will*, 491 U.S. at 66–67 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged violations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity"). In addition, plaintiff has not identified any action by defendants that could plausibly constitute a waiver of Eleventh Amendment immunity. Therefore, counts one through five of the complaint will be dismissed as to the moving defendants.

**3. Negligence Claim**

Count eight of plaintiff's complaint is for negligence. Defendants argue that this claim is subject to dismissal because plaintiff's initial administrative claim was untimely and therefore did not comply with the filing requirements of the California Government Claims Act ("CGCA").

"Complaints that do not allege facts demonstrating either that a claim was timely presented or that compliance with the claims statute is excused are subject to a general demurrer for not stating facts sufficient to constitute a cause of action." *Rubenstein v. Doe No. 1*, 3 Cal. 5th 903, 906 (2017), *as modified on denial of reh'g* (Nov. 1, 2017); *see also Dujardin v. Ventura Cty. Gen. Hosp.*, 69 Cal. App. 3d 350, 355 (1977) (citing *Whitfield v. Roth*, 10 Cal. 3d 874, 883 (1974); *Wilson v. People ex rel. Dep't of Pub. Works*, 271 Cal. App. 2d 665, 668 (1969); *Burgdorf v. Funder*, 246 Cal. App. 2d 443, 446–47 (1966)) ("Timely compliance with the claim filing requirements and rejection of the claim by the governmental agency must be pleaded in a complaint in order to state a cause of action."). To establish compliance, "[t]he claim must be presented "not later than six months after the accrual of the cause of action." *Rubenstein*, 3 Cal. 5th at 906; Cal. Gov't Code § 911.2(a). Alternatively, "[a] plaintiff may apply for leave to

present a late claim . . . but only if the application is presented 'within a reasonable time not to exceed one year after the accrual of the cause of action.'" *Id.* (quoting Cal. Gov't Code § 911.4). In the event that such leave is denied, a claimant may seek relief from the timeliness provisions in superior court. *San Diego Branch of NAACP v. County of San Diego*, No. 16-CV-2575-JLS (BGS), 2017 WL 5194579, at *2 (S.D. Cal. Nov. 9, 2017) (citing Cal. Gov't Code § 946.6); *see also Garza v. Alvara*, No. 1:15-cv-00234-DAD-SKO, 2016 WL 4921542, at *8 (E.D. Cal. July 8, 2016), *findings and recommendations adopted*, 2016 WL 4899676 (E.D. Cal. Sept. 14, 2016) ("Under Cal. Gov't Code § 946.6, a would-be claimant may petition a court for an order relieving the petitioner from the requirement of Cal. Gov't Code § 945.4 to present a timely claim to the Board.").

Having examined plaintiff's complaint, the court finds that it contains no allegation that plaintiff complied with the applicable claim filing requirements. In the complaint plaintiff alleges that the incident leading to plaintiff's harm lasted until "the end of October, 2016." (Compl. at ¶ 45.) However, the present action was not commenced until July 2017, well after the six-month period for filing an administrative claim had expired. The court can therefore discern nothing in plaintiff's complaint that would suggest compliance with the claim requirements of the CGCA. Because plaintiff has not alleged such compliance, she has failed to state a cognizable claim for negligence under California law.

The fact that plaintiff purports to provide such facts in her opposition brief does not change this conclusion. In ruling on a motion to dismiss under Rule 12(b)(6), "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *accord Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1154 (E.D. Cal. 2017). The court will grant plaintiff leave to amend in order to attempt to cure these deficiencies. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that leave shall be freely given when

/////

/////

justice so requires. This policy is to be applied with extreme liberality") (internal quotation marks and citations omitted).[1]

**CONCLUSION**

For these reasons,

1. Defendants' motion to dismiss (Doc. No. 19) is granted;

2. Defendants State of California, Department of State Hospitals, and Metropolitan State Hospital are dismissed from the action; and

3. If plaintiff wishes to amend her complaint to cure any of the deficiencies identified herein with respect to dismissed causes of action, plaintiff is directed to file with the court a first amended complaint no later than twenty-eight days from the date of service of this order or a notice that she intends to proceed only on the claims not dismissed by this order.

IT IS SO ORDERED.

Dated: __February 13, 2018__      _____
UNITED STATES DISTRICT JUDGE

---

[1] The court also notes potential procedural inadequacies with any CGCA claim plaintiff may contend was submitted. First, it is unclear whether plaintiff's letter dated March 16, 2017 (Doc. No. 22 at 19–24) constitutes a "claim" under the CGCA. *See* Cal. Gov't Code § 910.4 ("The person presenting a claim shall use the form in order that his or her claim is deemed in conformity with Sections 910 and 910.2"); *Smith v. Friederichs*, No. 16-CV-06203-YGR, 2018 WL 288057, at *3 (N.D. Cal. Jan. 4, 2018) ("The statute's repeated use of the word 'shall' indicates mandatory compliance. Plaintiff cites no authority to the contrary, nor for the proposition that substantial compliance with the Claims Act is sufficient"); *Kerr v. Boden*, No. SACV 13-256 JLS (JPRx), 2014 WL 12686760, at *4 (C.D. Cal. Apr. 8, 2014) ("plaintiffs asserting claims against the state . . . have been required to use claim forms"). Second, the court is also uncertain whether, in the event the March 16, 2017 letter was procedurally deficient, plaintiff's claim filed April 18, 2017 (Doc. No. 22 at 16–18) relates back to the March 16 letter and that she may be found to have timely file that claim.