UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEMAN PAYNE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CALAVERAS, et al.,<br><br>Defendants. | No. 1:17-cv-00906-DAD-SKO<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 58) |

This matter is before the court on a motion to dismiss brought by defendants Calaveras County Sheriff and Calaveras County Jail (hereinafter "defendants"). (Doc. No. 58.) Having considered the parties briefings, and having heard the oral arguments of counsel, the court will grant defendants' motion in part.

**BACKGROUND**

In the second amended complaint, plaintiff alleges as follows. On or about April 2, 2016, in San Andreas, California, plaintiff was riding a bicycle she had obtained at an event for bicycle enthusiasts. (Doc. No. 41 at ¶ 18.) Plaintiff believed that she was doing so with the owner's consent. (*Id.*) While riding the bicycle, plaintiff was confronted by a sheriff's patrol vehicle and an ambulance, whereupon she was taken into custody. (*Id.* at ¶¶ 18–19.) Plaintiff was arrested and had a blood sample drawn, although she was never informed that she was being placed under arrest, nor was she instructed of her *Miranda* rights. (*Id.* at ¶¶ 19–20.) Plaintiff was taken to the

Calaveras County Jail and asked whether she took any medications. (*Id.* at ¶ 21.) Plaintiff listed her medications and was then placed in solitary confinement for roughly two months. (*Id.* at ¶¶ 21–22.) At no time during that time was she permitted to make a phone call or contact an attorney. (*Id.* at ¶ 21.) Plaintiff was also denied any opportunity to post bail. (*Id.* at ¶ 24.) During her two months in solitary confinement, plaintiff was allowed out of her cell only for occasional showers or to use the jail's yard. (*Id.* at ¶ 25.) During one such instance, plaintiff alleges that while showering, four correctional officers pulled her out of the shower, dragged her through the cell block, and then ultimately threw her back into her cell. (*Id.* at ¶ 27.)

Throughout her confinement, plaintiff was never provided with any of her medications despite her repeated requests. (*Id.* at ¶ 28.) This caused plaintiff to experience dozens of seizures that were readily apparent to guards at the jail. (*Id.*) Plaintiff also mentioned her seizures to defendant Lynch, a medical professional at the jail. (*Id.*) Though on one occasion, defendant Lynch arranged for plaintiff to visit a doctor, the doctor also did not provide plaintiff with her medications. (*Id.* at ¶ 32.)

Plaintiff's first appearance in court occurred at the end of May 2016, followed by a second court appearance in July 2016. (*Id.* at ¶ 35, 38.) Following her second appearance, plaintiff was transferred to Metropolitan State Hospital in Los Angeles, where she remained until late October 2016. (*Id.* at ¶ 38–39.) At this facility, plaintiff was provided with incorrect medications that led to panic attacks, akathisia, and cognitive impairment. (*Id.* at ¶ 40.) Throughout her confinement, plaintiff was specifically not provided with her proper gender hormones, which she requires as a transgender woman. (*Id.* at ¶ 42.) Eventually, plaintiff pleaded guilty to misdemeanor theft, and was released from custody. (*Id.* at ¶ 44.)

Defendants filed the instant motion to dismiss on June 12, 2018. (Doc. No. 58.) Defendants seek dismissal of all federal causes against them based on a lack of jurisdiction and failure to state a claim. (*Id.*) Defendants also request that the court decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. (*Id.* at 5.) Plaintiff filed her opposition on July 2, 2018. (Doc. No. 59.) Defendants' reply was filed on July 10, 2018. (Doc. No. 60.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////

/////

/////

/////

## ANALYSIS

**A.    Section 1983 Claims**

As stated, the only parties presently seeking dismissal of plaintiff's claims are the Calaveras County Sheriff and the Calaveras County Jail.[1] These defendants contend that as subdivisions of Calaveras County, they are not "persons" under 42 U.S.C. § 1983.

Defendants have moved for dismissal under both Rule 12(b)(1) and 12(b)(6). In moving to dismiss under Rule 12(b)(1), defendants contend that because the Calaveras County Sheriff and Calaveras County Jail are not separate entities from the County, this court lacks jurisdiction over the § 1983 claims against them. (Doc. No. 58-1 at 2.) This argument is without merit. The question of whether a defendant named in an action brought pursuant to § 1983 is a "person" is a statutory rather than jurisdictional question. *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1234 (9th Cir. 2015) (citing *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005); *Barker v. Goodrich*, 649 F.3d 428, 433 n. 1 (6th Cir. 2011) and *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 821 (3d Cir. 1991) (en banc)). By virtue of 28 U.S.C. § 1331, this court possesses original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Title 42 U.S.C. § 1983 is plainly such a law. Personhood under § 1983 is an element of the cause of action, not a jurisdictional requirement; defendants' attempts to recast it as jurisdictional amount to "mere wordplay" and is therefore not persuasive. *Settles*, 429 F.3d 1098, 1105 (D.C. Cir. 2005.) Accordingly, the court declines defendants' request to dismiss under Rule 12(b)(1).

Next, the court considers whether plaintiff has failed to state a claim against the moving defendants. Although cities, counties, and other municipal entities are considered "persons" under § 1983, a long line of cases stands for the proposition that subdivisions of municipalities, such as local police departments, are not persons. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and

---

[1] Plaintiff is attempting to assert a claim against the Calaveras County Sheriff's Office, rather than against the individual who served or serves as the Calaveras County Sheriff. (*See* Doc. No. 41 at 1) (referring to the Calaveras County Sheriff as "a governmental agency of unknown form").

4

bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)); *see also Pearson v. Bakersfield Police Dep't.*, No. 1:18-cv-0372-LJO-JLT, 2018 WL 3198065, at *5 (E.D. Cal. June 27, 2018) (same); *Cartee v. Imperial County Sheriff's Dep't.*, No. 3:18-cv-00327-CAB-AGS, 2018 WL 2411742, at * 3 (S.D. Cal. May 29, 2018) ("[D]epartments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the Imperial County Sheriff's Department) is not a proper party."); *Anderson v. Sacramento Police Dep't*, No. 2:16-cv-0527-TLN-GGH PS, 2016 WL 3091162, at *4 (E.D. Cal. June 2, 2016) (same); *Gomez v. County of Fresno*, No. 1:16-cv-00122-AWI-BAM, 2016 WL 8730877, at *2 (E.D. Cal. Feb. 12, 2016) (same); *Rodriguez v. County of Contra Costa*, No. C 13-02516 SBA, 2013 WL 5946112, at *3 (N.D. Cal. Nov. 5, 2013) (same); *Gonzales v. City of Clovis*, No. 1:12-cv-00053-AWI, 2013 WL 394522, at *13 (E.D. Cal. Jan. 30, 2013) ("The Clovis Police Department is a municipal *department* within the City of Clovis, and is not, as a general matter, considered a 'person' within the meaning of Section 1983.").

      Plaintiff does not attempt to rebut this argument on its merits. Instead, plaintiff merely contends that notwithstanding this line of cases, "public policy justifications" weigh against dismissing defendants. (Doc. No. 59 at 5.) Dismissal of claims against such entities will, in plaintiff's view, permit Sheriff's Departments to "operate seemingly above the law." (*Id.*) As the cases cited above indicate, the clear weight of authority compels the conclusion that sub-units of municipal entities, including defendants Calaveras County Sheriff Office and the Calaveras County Jail, are not "persons" under § 1983. No case has been brought to this court's attention that has expressly held to the contrary. This court cannot ignore well-established legal principles

/////
/////
/////
/////
/////
/////

in response to vaguely stated "public policy justifications."[2] The court will therefore grant defendants' motion to dismiss the moving defendants from all of plaintiff's causes of action brought against them pursuant to 42 U.S.C. § 1983.

**B.    Supplemental Jurisdiction**

The remaining causes of action—for battery, intentional infliction of emotional distress, and negligence—are brought under state law. Defendants next ask the court to decline to exercise supplemental jurisdiction over these remaining claims brought against them. (Doc. No. 58-1 at 5.)

Where a district court possesses original jurisdiction over some of the claims in the action, the court generally possesses supplemental jurisdiction over other claims over which the court does not have original jurisdiction, but "that are so related . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Notwithstanding this provision, however, courts may decline to exercise such supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c). The court's discretion to exercise jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all

---

[2] In any event, dismissal of plaintiff's § 1983 claims against these sub-departments of municipalities will in no way "make it harder to hold law enforcement agencies like the Sheriff's Department accountable for their misdeeds and harms inflicted upon the public" as plaintiff contends. (Doc. No. 59 at 6.) Although the court will dismiss the § 1983 claims against the government agency referred to by plaintiff as "Calaveras County Sheriff" and the Calaveras County Jail, this action proceeds against the defendant County of Calaveras itself. As defendants acknowledge in their motion, under California law, "monetary damages for § 1983 claims are paid by the County." (Doc. No. 58-1 at 6.) Dismissal of the municipal sub-departments as defendants will not prejudice plaintiff's ability to obtain relief if her claims are ultimately found to be meritorious.

6

federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)); *see also Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory). This conclusion is based on the principle that "primary responsibility for developing and applying state law rests with the state courts." *Curiel v. Barclays Capital Real Estate Inc.*, Civ. No. S–09–3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010).

The court turns to whether any of the four factors exist that would support declining to exercise supplemental jurisdiction. First, the remaining state law claims, alleging battery, intentional infliction of emotional distress, and negligence, do not present novel or particularly complex issues of state law. Federal courts routinely handle such claims, and nothing about the facts in this case that would appear to render these claims unusually difficult for a federal court to resolve. Second, these state law claims do not predominate over the federal claims: more than half of the remaining claims in this action are brought under 42 U.S.C. § 1983, and both the federal and state claims are alleged based on the same factual allegations. Third, although the court by this order will dismiss all federal claims *against these defendants*, other federal claims remain against other named defendants. Because federal claims remain, declining to exercise supplemental jurisdiction in this case could result in two parallel proceedings regarding the same nucleus of operative fact, one in state court and the other in federal court. Such an outcome would inconvenience the parties, expend scarce judicial resources, and create the potential for inconsistent judgments. *See Acri*, 114 F.3d at 1001; *Driesen v. First Revenue Assurance*, LLC, No. CV 10-8061-PCT-MHM, 2010 WL 5090363, at *2 (D. Ariz. Dec. 8, 2010); *Kinder v Citibank*, No. 99-CV-2500 W (JAH), 2000 WL 1409762, at *4 (S.D. Cal. Sept. 14, 2000) (stating that requiring the parties to maintain separate suits in state and federal court would "undermine the purposes of supplemental jurisdiction"). Finally, the court has identified no exceptional circumstances which would justify declining to exercise supplemental jurisdiction here.
/////

Accordingly, the court will decline defendant's request to dismiss the state law causes of action against defendants.[3]

C. **Leave to Amend**

Finally, the court addresses plaintiff's request for further leave to amend the complaint. (Doc. No. 59 at 7.) The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

Having reviewed plaintiff's second amended complaint and in light of the analysis set forth above, the court is convinced that the granting of further leave to amend would be futile here. Additional factual allegations would not remedy the deficiencies of plaintiff's second amended complaint, since the moving defendants would still not be considered "persons" under § 1983. *See, e.g.*, *Gazo v. Richmond Police Dep't*, No. 15-CV-00172-EDL, 2015 WL 898707, at *2 (N.D. Cal. Mar. 2, 2015) (dismissing plaintiff's § 1983 claims against the Richmond Police Department with prejudice because "sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983"). Because no relief is available against these entities under § 1983 as a matter of law, dismissal without further leave to amend is appropriate. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

---

[3] Defendants did not move for dismissal of any of the state law claims brought against for failure to state a claim. Because the court has elected to exercise supplemental jurisdiction over those claims, they remain live controversies. However, the court will permit the moving defendants to file a second motion to dismiss the state law causes of action if they wish to do so.

8

# CONCLUSION

For these reasons:

1. Defendants' motion to dismiss (Doc. No. 58) is granted in part;

2. Counts One through Five are dismissed as to defendant Calaveras County Sheriff;

3. Counts One, Two, Three, and Five are dismissed as to defendant Calaveras County Jail; and

4. If defendants Calaveras County Sheriff and Calaveras County Jail intend to seek dismissal of the remaining state law causes of action brought against them, they are authorized to file a second motion to dismiss with respect to those remaining claims, or an answer, within twenty-eight days of service of this order.

IT IS SO ORDERED.

Dated: **July 28, 2018**

UNITED STATES DISTRICT JUDGE