UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEMAN PAYNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF CALAVERAS, et al.,<br><br>　　　　Defendants. | No. 1:17-cv-00906-DAD-SKO<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, VACATING IN PART PRIOR ORDER ON *SUA SPONTE* RECONSIDERATION, AND GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br>(Doc. Nos. 64, 68) |

This matter is before the court on a motion to dismiss brought by defendants Bailey, Calaveras County Jail, Calaveras County Sheriff's Office,[1] and County of Calaveras (Doc. No. 64), and a motion to amend the complaint brought by plaintiff (Doc. No. 68). A hearing on the motions was held on October 16, 2018. Theodore R. Slater appeared on behalf of the plaintiff and Deborah A. Byron appeared on behalf of the defendants. Having considered the parties' briefs, and having heard the oral arguments of counsel, the court will grant in part and deny in

---

[1] Although sued herein as "Calaveras County Sheriff," plaintiff is clearly attempting to assert a claim against the Calaveras County Sheriff's Office, rather than against the individual who served or serves as the Calaveras County Sheriff. (*See* Doc. No. 41 at 1) (referring to the Calaveras County Sheriff as "a governmental agency of unknown form"). Accordingly, this defendant will be referred to herein as the Calaveras County Sheriff's Office.

1

part defendants' motion to dismiss, vacate in part the court's July 30, 2018 order (Doc. No. 63) on *sua sponte* reconsideration, and grant plaintiff's motion to amend the complaint.

**BACKGROUND**

The factual background of this case was set out in the court's July 30, 2018 order addressing defendants' initial motion to dismiss, and need not be repeated here. (*See id.* at 1–2.) In that order, the court granted the defendants' motion to dismiss in part and dismissed the causes of action brought under 42 U.S.C. § 1983 asserted against the Calaveras County Sheriff's Office and the Calaveras County Jail, finding that those entities were not considered "persons" subject to suit under § 1983. (*Id.* at 4–6.) The court then authorized the Calaveras County Jail and the Calaveras County Sheriff's Office to file a second motion to dismiss with respect to the remaining state law causes of action. (*Id.* at 9.)

The motion to dismiss now pending before the court was filed on August 2, 2018. (Doc. No. 64.) Defendants Calaveras County Jail and Calaveras County Sheriff's Office seek dismissal of all state law causes of action against them on the grounds that they are redundant parties with no legal identity independent of defendant County of Calaveras. (*Id.* at 3–4.) Plaintiff filed an opposition to the motion to dismiss on September 3, 2018, and defendants filed their reply on September 11, 2018. (Doc. Nos. 66, 67.) Following the hearing on the motion, and at the invitation of the court, defendants Calaveras County Jail and Calaveras County Sheriff's Office filed a supplemental brief in support of their motion to dismiss on October 16, 2018. (Doc. No. 75.) Plaintiff filed a supplemental reply on October 22, 2018. (Doc. No. 76.)

On September 11, 2018, plaintiff also filed a motion to amend the complaint, seeking leave to identify the previously unidentified Doe defendants. (Doc. No. 68.) Defendants California Forensic Medical Group and Joy Lynch filed a statement of non-opposition on September 12, 2018. (Doc. No. 69.) On October 1, 2018, defendants Bailey, Calaveras County Jail, Calaveras County Sheriff's Office, and County of Calaveras filed an opposition to plaintiff's motion to amend. (Doc. No. 71.) Plaintiff filed a reply in support of the motion to amend on October 8, 2018. (Doc. No. 72.)

/////

2

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////
/////
/////
/////

**ANALYSIS**

**A.   Motion to Dismiss by Defendants Calaveras County Jail and Calaveras County Sheriff's Office**

The only parties presently seeking dismissal of plaintiff's state law claims are the Calaveras County Jail and the Calaveras County Sheriff's Office. These defendants contend that they are not legal entities separate from the County, and are therefore redundant parties that should be dismissed from this action. (Doc. No. 64-1 at 3–4.)

Pursuant to Federal Rule of Civil Procedure 17(b)(3), the capacity to be sued is determined by the law of the state in which the court is located. California Government Code § 945 provides that "[a] public entity may sue or be sued." Meanwhile, California Government Code § 811.2 defines a "public entity" to include "the state, the Regents of the University of California, the Trustees of the California State University and the California State University, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State."

California district courts considering the issue have determined that a jail is not a suable entity. *See, e.g.*, *Rojas v. Los Angeles Cty. Jail*, No. CV 13-4113 JFW (RZ), 2013 WL 3188722, at *1 n.1 (C.D. Cal. June 21, 2013) ("[U]nlike the county itself and its sheriff's department, a California county *jail* is not a suable entity."); *O'Neal v. Brenes*, No. EDCV 09-1884-DDPMAN, 2009 WL 3785572, at *5 (C.D. Cal. Nov. 10, 2009) ("[T]he jail facilities operated by the Sheriff's Department are not entities that may be sued."); *Nunez v. Yolo Cty. Jail*, Civ. No. 2:08-00669-DAE, 2009 WL 2171894, at *3 (E.D. Cal. July 21, 2009) (dismissing claims against Yolo County Jail and Monroe Detention Center with leave to amend because "[p]laintiff must name a suable entity, not a jail"); *Greene v. Alameda Cty. Jail*, No. C 08-3986 PJH (PR), 2008 WL 4225449, at *2 (N.D. Cal. Sept. 15, 2008) ("[P]laintiff should keep in mind that a jail is not a suable entity, but it may be that the governmental agency that runs the jail can be sued if it is alleged that the constitutional violations were the product of a policy or custom of that agency."); *Cheng v. Levas*, No. C 07-4018 WHA (PR), 2008 WL 170581, at *1 (N.D. Cal. Jan. 17, 2008) (noting that "San Mateo County Jail probably is not a suable entity"); *Dennison v. Lane*, No. C

07-0778 (PJH) PR, 2007 WL 2221022, at *3 (N.D. Cal. July 30, 2007) (dismissing claim against California county "corrections facilities" with leave to amend, because such facilities did not constitute a suable entity). Plaintiff does not cite any authority to the contrary. Accordingly, the court finds that the Calaveras County Jail is an improper defendant and will be dismissed from this action.

The above analysis, however, does not apply to defendant Calaveras County Sheriff's Office. Defendants cite several district court cases for the proposition that a law enforcement agency is not a separate legal entity capable of being sued. (*See* Doc. No. 64-1 at 3–4.) However, of those cited cases, only *Garcia v. Los Angeles County*, 588 F. Supp. 700, 707 (C.D. Cal. 1984), is a California district court decision, in which the court held that the Los Angeles Sheriff's Department was not a legal entity separate from the County of Los Angeles and was therefore not a proper party to the action.[2] Two years later, the Ninth Circuit explicitly rejected *Garcia*'s holding in *Shaw v. State of California Department of Alcoholic Beverage Control*, 788 F.2d 600 (9th Cir. 1986). There, the Ninth Circuit explained:

> In *Garcia v. County of Los Angeles*, 588 F. Supp. 700, 707 (C.D. Cal. 1984), the district court held that the Los Angeles County Sheriff's Department was not a "public entity" under [California Government Code] § 811.2. The only authority whatsoever cited for this conclusion was *Ragusa v. Streator Police Dep't*, 530 F. Supp. 814, 815 n.1 (N.D. Ill. 1981). *Ragusa* cited no authority at all for its holding that the Streator Police Department did not have the capacity to be sued in federal court. Even if *Ragusa* had cited any authority, Illinois rules concerning capacity to be sued would seem to be of extremely little relevance when construing California law. Thus, we do not follow *Garcia*.

*Id.* at 605 n.1. Construing California law and decisions of California state courts, the Ninth Circuit in *Shaw* concluded that California courts "would hold that the [San Jose] Police Department is a public entity under section 811.2 . . ." and therefore, could be sued in federal

---

[2] Defendants' reliance on the decisions in *Molokai Veterans Caring for Veterans v. County of Maui*, No. 10-00538 LEX-RLP, 2011 WL 1637330 (D. Haw. Apr. 28, 2011), *Williams v. County of Mesa Police Dep't*, No. CV-09-1511-PHX-LOA, 2009 WL 2568640 (D. Ariz. Aug. 18, 2009), and *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842 (E.D. Tex. 1996) is misplaced. (*See* Doc. No. 64-1 at 3–4.) As noted, the capacity to be sued is determined under the law of the state in which the court is located. Fed. R. Civ. P. 17(b)(3). District court decisions interpreting state law other than that of California are thus of little relevance here.

5

court. *Id.* at 605.

In *Karim-Panahi v. Los Angeles Police Department*, the Ninth Circuit reaffirmed its holding in *Shaw*, finding that "[m]unicipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations." 839 F.2d 621, 624 n.2 (9th Cir. 1988). Then, in *Streit v. County of Los Angeles*, the Ninth Circuit extended its reasoning in *Shaw* and *Karim-Panahi* to hold that sheriff's departments are separately suable entities under California law. 236 F.3d 552, 565–66 (9th Cir. 2001). Thus, defendants' assertion that a sheriff's department is not a public entity under California Government Code § 811.2 (*see* Doc. No. 64-1 at 4) is squarely contradicted by binding Ninth Circuit precedent.

In their reply, defendants attempt to distinguish the Ninth Circuit cases discussed above, arguing that the issue is not whether a sheriff's department is suable in federal court, but rather, "[t]he question is whether a department of a municipality can be sued separately *in addition* to the municipality for the same alleged wrongs."[3] (Doc. No. 67 at 2) (emphasis added).

If that is indeed the question, it must be also be answered in the affirmative. Defendants have not directed the court to any legal authority requiring the court to dismiss a municipal entity as a redundant defendant where the municipality itself is also named as a defendant. On the contrary, in *Streit*, the Ninth Circuit explicitly held that because the Los Angeles Sheriff's Department "acts for the County in its capacity as the administrator of the Los Angeles County jails, . . . *both* the LASD and the County are subject to liability under section 1983." 236 F.3d at 555–56 (emphasis added). Absent any authority otherwise, "the Court will adopt the result

---

[3] Defendants also attempt to distinguish *Streit* and *Karim-Panahi* on the grounds that those decisions "only address liability for violations of federal law," whereas defendants' instant motion seeks to dismiss plaintiff's state law causes of action asserted against the moving defendants. (Doc. No. 67 at 2.) This is a distinction without a difference. The capacity of an entity to be sued in federal court is governed by Federal Rule of Civil Procedure 17(b). That rule applies regardless of whether the claims asserted are based on federal or state law. *See Foster v. Berkeley Police Dep't*, No. C 10-3703 SI, 2011 WL 5861266, at *11 (N.D. Cal. Nov. 22, 2011) (relying on *Shaw*, *Karim-Panahi*, and *Streit* to deny defendants' motion to dismiss plaintiff's state law claims for intentional infliction of emotional distress and assault and battery against the Berkeley Police Department).

6

obtained in *Streit*: if both a county and a county sheriff's department are amenable to suit, they may both be named in a single action." *Hurth v. County of Los Angeles*, No. CV 09-5423 SVW (PJWx), 2009 WL 10696491, at *5 (C.D. Cal. Oct. 28, 2009).

In sum, the court concludes that the Calaveras County Sheriff's Office—but not the Calaveras County Jail—is subject to suit, in addition to Calaveras County.[4] Defendants' motion to dismiss the state law causes of action against these defendants will therefore be granted as to the Calaveras County Jail and denied as to the Calaveras County Sheriff's Office.

**B.** ***Sua Sponte*** **Reconsideration of Prior Order on Defendants' Motion to Dismiss**

In light of the analysis above, the court *sua sponte* reconsiders its July 30, 2018 order granting in part defendants' first motion to dismiss. *See United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) ("[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case."); *see also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (holding that district court had discretion to reconsider its own prior order *sua sponte*, and stating that "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment.").

In the court's prior order, it noted that a long line of cases stands for the proposition that subdivisions of municipalities, such as local police departments, are not considered "persons" under § 1983. (Doc. No. 63 at 4–5.) The court observed that in a concurring opinion in *United States v. Kama*, 394 F.3d 1236 (9th Cir. 2005), Judge Ferguson stated that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *Id.* at 1239–40 (Ferguson, J., concurring). The court also noted that district courts within this circuit have relied on that language in *Kama* to find that local law enforcement departments are not subject to suit under § 1983. (*See* Doc. No. 63 at 5) (citing cases). In considering the previous motion to dismiss, neither party brought to this court's attention any authority that expressly held to the contrary. The undersigned therefore concluded that sub-units

---

[4] The court does pause to note that, although much time has been devoted to the issue here, plaintiff's inclusion of the Sheriff's Office as a separate defendant in this action would appear to be of no import and have no practical effect on any aspect of this litigation.

7

of municipal entities, such as defendants Calaveras County Sheriff Office and Calaveras County Jail, are not "persons" under § 1983, and granted defendant's motion to dismiss those defendants from all of plaintiff's causes of action brought against them pursuant to § 1983. (*Id.* at 4–5.)

In opposition to the instant motion to dismiss the state law causes of action against the Calaveras County Sheriff's Office and the Calaveras County Jail, plaintiff for the first time directs the court's attention to the Ninth Circuit cases *Karim-Panahi*, 839 F.2d at 624 n.2, and *Streit*, 236 F.3d at 565–66. (Doc. No. 66 at 4.) As discussed above, these cases held that a municipal police or sheriff's department was a separately suable entity. These holdings appear to be in tension with the concurring opinion in *Kama*.[5] However, when stating that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983" in *Kama*, Judge Ferguson cited *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995). *See Kama*, 394 F.3d at 1239–40. In *Hervey*, the Ninth Circuit held that the Tacoma Narcotics Enforcement Team was not a "person" under § 1983 because it was an intergovernmental task force composed of several local, county, and state governmental entities, not a separate legal entity unto itself. 65 F.3d 784, 791–92 (9th Cir. 1995). Because plaintiff in this case, like the plaintiff in *Streit*, alleges claims against a sheriff's department, and not an intergovernmental association, the court will follow *Streit*'s reasoning in concluding that the Calaveras County Sheriff's Office is subject to suit in this action. In this regard, defendants fail to distinguish the holdings in *Streit* and have not directed the court to any binding authority suggesting that it is no longer good law.

/////

---

[5] At least one district court case has previously acknowledged this tension. In *Olvera v. County of Sacramento*, 932 F. Supp. 2d 1123 (E.D. Cal. 2013), the court observed that defendants' argument that they could not be named as § 1983 defendants, relying on *Kama*, was "not as straight-forward as defendants suggest." *Id.* at 1172 n.17. The court recognized that numerous decisions in this district have relied on *Kama* to find that municipal police and sheriff departments are not proper § 1983 defendants, but also noted that the Ninth Circuit had held otherwise in *Shaw* and *Streit*. *Id.* The court noted that Judge Ferguson's concurrence in *Kama* cited an Eleventh Circuit decision, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992), which found that because the county sheriff's department lacked the capacity to be sued *under Alabama law*, it could not be sued under § 1983. *Id.* (citing *Dean*, 951 F.2d at 1215).

8

On *sua sponte* reconsideration, the court will therefore vacate the portion of its July 30, 2018 order granting defendants' motion to dismiss the causes of action brought under 42 U.S.C. § 1983 against defendant Calaveras County Sheriff's Office. Those causes of action will be reinstated as to defendant Calaveras County Sheriff's Office only. Because the Ninth Circuit authority discussed above does not address the capacity of a jail to be sued, however, the court's prior order dismissing the causes of action brought under § 1983 against Calaveras County Jail remains in effect.

**C.     Plaintiff's Motion to Amend the Complaint**

In addition, plaintiff has filed a motion to amend the complaint to identify unnamed Doe defendants whose identities were revealed in defendants' Rule 26 disclosures. (Doc. No. 68 at 4.) Plaintiff seeks to file a third amended complaint ("TAC") to add Captain Eddie Ballard, Lieutenant Tim Sturm, and Doctor Marsha McKay as defendants in this case. (*Id.*) Defendants California Forensic Medical Group and Joy Lynch filed a statement of non-opposition to the motion to amend, while defendants Bailey, Calaveras County Jail, Calaveras County Sheriff's Office, and County of Calaveras filed an opposition. (Doc. Nos. 69, 71.)

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysist West Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The party opposing leave to amend bears the burden of showing prejudice." *Serpa v. SBC Telecommunications*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)); *see Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010); *see also Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011).

/////

In determining futility of amendment,

> [t]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6) or (f): if there is no set of facts which could be proved under the amendment to the pleadings which would constitute a valid and sufficient claim or defense, leave should be denied.

*Baker v. Pac. Far. E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978) (citing 3 Moore's Federal Practice P. 15.08(4) (2d ed. 1974)). Amendment is therefore proper "if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint.'" *United States v. Corinthian Coll.*, 655 F.3d 984, 955 (9th Cir. 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990).

There is no indication here that permitting plaintiff to file a TAC would cause defendants any undue prejudice, nor is there any indication that plaintiff's motion is brought in bad faith, constitutes an exercise in futility, or creates undue delay. In fact, in their opposition, defendants Bailey, Calaveras County Jail, Calaveras County Sheriff's Office, and County of Calaveras do not make any such arguments. Rather, their opposition to plaintiff's motion is based entirely on their assertion that plaintiff's proposed TAC is "defective," because it: (1) continues to allege violations under § 1983 against the Calaveras County Jail and the Calaveras County Sheriff's Office, even though these claims were dismissed in a prior order; (2) seeks leave to identify the jail doctor as Marsha McKay, but continues to identify her as "doctor" or "this doctor, a thin woman with curly hair" without referring to her throughout by name; (3) may require further amendment upon the court's resolution of defendants Calaveras County Jail and Calaveras County Sheriff's Office's motion to dismiss the state law causes of action against them; and (4) improperly seeks punitive damages against the County of Calaveras, though punitive damages are not available against a public entity under § 1983. (Doc. No. 71 at 2–3.)

None of these assertions provide a basis for denying plaintiff leave to amend. First, as explained above, the court has now determined that the § 1983 claims against the Calaveras County Sheriff's Office may be reinstated. Second, any supposed ambiguous references to the

jail doctor in the proposed TAC can be easily rectified. Indeed, plaintiff's reply attaches a revised TAC that corrects the ambiguities regarding the identification of Marsha McKay. Third, any necessary amendments to the TAC given the above resolution of the motion to dismiss can be made simultaneously with the reinstatement of the § 1983 claims against the Calaveras County Sheriff's Office. Fourth, at the hearing on the present motions, counsel for plaintiff represented that he would be amenable to amending plaintiff's complaint to appropriately seek punitive damages only against the individual defendants, and not the public entity defendants. The court will therefore grant plaintiff leave to file a TAC within seven (7) days of service of this order to make the amendments authorized by this order.[6]

## CONCLUSION

Accordingly, it is hereby ordered that:

1. Defendants' motion to dismiss (Doc. No. 64) is granted as to defendant Calaveras County Jail and denied as to defendant Calaveras County Sheriff's Office;
2. The Clerk of the Court is directed to terminate defendant Calaveras County Jail from the docket;
3. On *sua sponte* reconsideration of the court's July 30, 2018 order (Doc. No. 63), the first through fifth causes of action brought under 42 U.S.C. § 1983 are reinstated as to defendant Calaveras County Sheriff's Office only;
4. Plaintiff's motion to amend the complaint (Doc. No. 68) is granted; and
5. Plaintiff is directed to file a third amended complaint in accordance with this order within seven (7) days of service of this order.

IT IS SO ORDERED.

Dated: **December 13, 2018**

UNITED STATES DISTRICT JUDGE

---

[6] As addressed in n.1 above, the court also directs plaintiff to amend his complaint to name "Calaveras County Sheriff's Office" as the proper defendant in this action.

11