McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Deborah A. Byron, #105327
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

Attorneys for Defendants County of Calaveras,
Calaveras County Sheriff's Office and John P. Bailey

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA,

FRESNO DIVISION

| | |
|---|---|
| COLEMAN PAYNE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, a government entity and state in the United States; DEPARTMENT OF STATE HOSPITALS, a government agency form unknown; METROPOLITAN STATE HOSPITAL, an entity form unknown; COUNTY OF CALAVERAS, a government entity in the State of California; CALAVERAS COUNTY SHERIFF, a governmental agency of unknown form; CALAVERAS COUNTY JAIL, an entity form unknown; JOHN P. BAILEY, an individual; JOY LYNCH, an individual; CALIFORNIA FORENSIC MEDICAL GROUP, a business entity of unknown form located in the State of California; DOES 2 through 50 inclusive,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00906-DAD-SKO<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING COUNTY OF CALAVERAS PRODUCTION OF MATERIALS IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**<br><br>**(Doc. 83)** |

**IT IS HEREBY STIPULATED BY AND BETWEEN** Defendants County of Calaveras and County of Calaveras Sheriff's Office, Plaintiff Coleman Payne, and Co-Defendants Joy Lynch and California Forensic Medical Group ("CFMG"), through their respective counsel:

Defendants County of Calaveras ("County"), County of Calaveras Sheriff's Office ("CCSO"), Plaintiff Coleman Payne ("Payne") and Defendants Joy Lynch and CFMG, referred to

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

STIPULATION AND PROTECTIVE ORDER REGARDING COUNTY OF CALAVERAS PRODUCTION IN
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

herein as the "Parties," hereby stipulate and consent to the Court entering a Protective Order to protect confidential and privileged information which impacts the security interests of the Calaveras County Jail and intrudes upon the privacy rights of third parties. More specifically, Jail video discloses practices and procedures of the facility, including the placement of security cameras within the Jail, personnel patterns and other security features as well as the identities of Jail personnel and Jail inmates. Audio recordings of Jail phone calls may violate the privacy interests of third parties who are engaged in communications with Plaintiff and may disclose confidential information regarding Jail policies and procedures.

Defendant County has been asked to produce materials and/or otherwise disclose information that is: (a) confidential, sensitive and invasive of the Calaveras County Sheriff's Office's official information, the Calaveras County Jail's security interests and/or third party privacy rights; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence. Discoverable matters include 16 discs depicting internal jail movements during the incarceration of Coleman Payne and audio recordings of Payne's telephone calls during incarceration. Without a protective order in place, production of such information may run afoul of the public interest in maintaining the security and confidentiality of ongoing Jail operations and personnel and intrude upon third party privacy rights guaranteed under the United States Constitution and the California Constitution.

Subject to and without waiving any statutory or constitutional privileges or objections to the admissibility or discoverability of any information or documents produced, Plaintiff and Defendants Lynch and CFMG stipulate that access to and use of such information or evidence shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court. This Stipulated Protective Order shall apply to all copies of designated matters.

**I.**
**DESIGNATION OF CONFIDENTIAL MATERIALS**

A. "Confidential" materials shall be all video footage depicting the interior of the

Calaveras County Jail during the period of Plaintiff's incarceration, and all recorded forms of communication or representation made by Plaintiff with third parties via Jail telephone.

B. Video produced shall be designated as "Confidential" at the time of production.

C. Plaintiff and Defendants Lynch and CFMG must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to review such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II.
## RESTRICTION REGARDING CONFIDENTIAL MATTERS

A. No Confidential Materials produced by the COUNTY OF CALAVERAS shall be used for any purpose other than the litigation, preparation for, and trial of this case, *Coleman Payne v. County of Calaveras, et al.*, Case No. 1:17-cv-00906-DAD-SKO.

B. There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

1. Plaintiff;
2. Defendants Lynch and CFMG;
3. Plaintiff's counsel and Plaintiff's counsel's staff and Slater Law, a Professional Corporation agents, including, but not limited to, outside copy service personnel;
4. Experts and consultants retained by Plaintiff's counsel in the preparation or presentation of the case; and
5. The finder of fact at the time of trial, subject to the Court's rulings on pre-trial motions and objections of counsel;
6. Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for trial; and
7. Noticed or subpoenaed deponents and their counsel.

C. Confidential Materials may be shown to the persons listed in paragraphs B(3) and (B)6 only after such person has been shown a copy of this Order and advised of its terms. Any

person receiving Confidential Materials shall not reveal the information therein to, or discuss the contents of the materials with, any person who is not entitled to receive such information as set forth herein.

D. Confidential Materials disclosed at a deposition shall be designated as "Confidential" by so indicating on the record at the deposition. Copies of Confidential Materials attached to deposition exhibits shall maintain their confidential status as set forth in this Protective Order and be sealed. If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

E. If filed with the Court, such materials shall be labeled as "Confidential Subject to Court Order" and filed under seal. In the event that any entity seeks to have any document unsealed, County shall first have an opportunity to seek the Court's finding that, (1) there exists an overriding interest that overcomes the right of public access to the materials; (2) the overriding interests support sealing the records; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest.

F. If Plaintiff or Defendants Lynch and CFMG wish to disclose "Confidential" material to any person not identified in paragraphs B(1)-B(6) above, they must proceed in the following manner: the names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to counsel for the County, along with the basis for the need to disclose the information and/or materials and a description with reasonable specificity of the "Confidential" material to be disclosed. Counsel for the County shall have seven days to object to such disclosure in writing. If no objection is made in that time, the request is deemed granted. If an objection to the

disclosure is asserted by counsel for the County, Plaintiff and/or Defendants Lynch and CFMG must apply for relief from the Court. Such materials shall not be disclosed pending a decision by the Court on such motion.

## III.
## GENERAL

A.      The terms of this Stipulated Protective Order shall be binding on Plaintiff and Defendants Lynch and CFMG from the time that counsel sign the Stipulation, even if the Court has not signed the Order.

B.      This Stipulated Protective Order may be modified or terminated by this Court for good cause shown or by signed stipulation of counsel for the Parties.

C.      Counsel may apply to the Court to challenge a designation made by Defendants County and CCSO, after an attempt has been made to meet and confer over the issue. Upon such a request to the Court to challenge the designation made, the Court shall review the materials in an in-camera hearing and determine whether the designation is appropriate. Plaintiff and Defendants Lynch and CFMG shall comply with the Stipulated Protective Order unless the Court orders otherwise.

## IV.
## TERMINATION OF THE LITIGATION

A.      Within sixty (60) days after a final judgment or settlement, all original "Confidential" materials and copies or portions thereof containing or reflecting information of "Confidential" materials shall be destroyed or returned to counsel for the County.

B.      This Stipulated Protective Order shall survive and remain in full force and effect after the termination of this case and may be enforced as a contract between the Parties, or by application to the Court for a finding of contempt.

This Joint Stipulation may be executed in counterparts. When Defendants and Plaintiff have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and each counterpart taken together shall constitute one and the same Joint Stipulation.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

5
STIPULATION AND PROTECTIVE ORDER REGARDING COUNTY OF CALAVERAS PRODUCTION IN RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

**IT IS SO STIPULATED.**

Dated: January 29, 2019                        McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: */s/ Deborah A. Byron*
Deborah A. Byron
Attorneys for Defendants County of Calaveras,
Calaveras County Sheriff, Calaveras County Jail
and John P. Bailey

Dated: January 27, 2019                        Slater Law, APC

By: */s/ Theodore Slater*
Theodore Slater
Attorneys for Plaintiff, COLEMAN PAYNE

Dated: January 28, 2019                        The Law Offices of Jerome M. Varanini

By: */s/ Jerome M. Varanini*
Jerome M. Varanini
Attorneys for Defendants, JOY LYNCH and
CALIFORNIA FORENSIC MEDICAL GROUP

## **ORDER**

FOR GOOD CAUSE SHOWN, the Court hereby approves and enters the foregoing Stipulation and Protective Order (Doc. 83).

IT IS SO ORDERED.

Dated: __**January 30, 2019**__                    /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

6
STIPULATION AND PROTECTIVE ORDER REGARDING COUNTY OF CALAVERAS PRODUCTION IN
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO