THEODORE SLATER, ESQ. (SBN 267479)
SLATER LAW, APC
1017 L St. #294,
Sacramento, CA 95814
Phone: 818-970-2241
Fax: 818-804-3470
Email:theoslateresq@gmail.com

Attorneys for PLAINTIFF
COLEMAN PAYNE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA,

FRESNO DIVISION

| | |
|---|---|
| COLEMAN PAYNE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CALAVERAS, a government entity in the State of California; CALAVERAS COUNTY SHERIFF'S OFFICE, a governmental agency of unknown form; JOHN P. BAILEY, an individual; JOY LYNCH, an individual, CALIFORNIA FORENSIC MEDICAL GROUP, a business entity of unknown form located in the State of California; CAPTAIN EDDIE BALLARD, an individual, LIEUTENANT TIM STURM, an individual, DOCTOR MARSHA MCKAY, an individual; and DOES 5 through 50, inclusive.<br><br>Defendants. | Case No. 1:17-cv-00906-DAD-SKO<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING ALL OF PLAINTIFF'S MEDICAL RECORDS THAT DISCLOSED TO DEFENDANTS IN THE COURSE OF THIS CASE** |

**IT IS HEREBY STIPULATED BY AND BETWEEN** Plaintiff Coleman Payne, Defendants County of Calaveras, County of Calaveras Sheriff's Office, John P. Bailey, Captain Eddie Ballard, Lieutenant Tim Sturm, Joy Lynch, Doctor Marsha McKay and California Forensic Medical Group ("CFMG"), through their respective counsel (hereinafter "Parties"):

Parties hereby stipulate and consent to the Court entering a Protective Order to protect confidential and privileged information which impacts the privacy interests of Plaintiff Coleman

Payne (aka Allison Coleman).

Plaintiff has been asked to disclose very private medical records. Discoverable matters include medical records related to her physical and mental health that are of a sensitive and protected nature. Without a protective order in place, production of such information will compromise Plaintiff's privacy as to her medical records.

Subject to and without waiving any statutory or constitutional privileges or objections to the admissibility or discoverability of any information or documents produced, Parties stipulate that access to and use of such information or evidence shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court. This Stipulated Protective Order shall apply to all copies of designated matters.

## I.
## DESIGNATION OF CONFIDENTIAL MATERIALS

A. "Confidential" materials shall be all medical records Plaintiff has and shall produce, either directly or through agreement, to Defendants in any form. These records shall include all medical records previously disclosed to Defendants and all medical records which Defendants have subpoenaed or requested in discovery which are not yet in their possession as well as any other medical records that are disclosed to Defendants over the course of this case.

B. Such records shall be designated as "Confidential" from the signing of the proposed order for medical records already produced or at the time of production for medical records that have yet to be produced.

C. Defendants must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to review such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II.
## RESTRICTION REGARDING CONFIDENTIAL MATTERS

A. No Confidential Materials produced by Plaintiff shall be used for any purpose other

than the litigation, preparation for, and trial of this case, *Coleman Payne v. County of Calaveras, et al.*, Case No. 1:17-cv-00906-DAD-SKO.

  B. There shall be no disclosure of documents designated as "Confidential" to anyone other than the following:

    1. Parties in this case and their attorneys including any staff or agents who work for those attorneys.

    2. Experts and consultants retained by Parties or counsel for Parties; and

    3. The finder of fact at the time of trial, subject to the Court's rulings on pre-trial motions and objections of counsel;

    4. Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for trial; and

    5. Noticed or subpoenaed deponents and their counsel.

  C. Confidential Materials may be shown to the persons listed in paragraphs B(1), B(2), and B(5) only after such person has been shown a copy of this Order and advised of its terms. Any person receiving Confidential Materials shall not reveal the information therein to, or discuss the contents of the materials with, any person who is not entitled to receive such information as set forth herein.

  D. Confidential Materials disclosed at any deposition shall be designated as "Confidential" by so indicating on the record at the deposition. Copies of Confidential Materials attached to deposition exhibits shall maintain their confidential status as set forth in this Protective Order and be sealed. If any document or information designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with this Protective Order. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

E. If filed with the Court, such materials shall be labeled as "Confidential Subject to Court Order" and filed under seal. In the event that any entity seeks to have any document unsealed, Plaintiff shall first have an opportunity to seek the Court's finding that, (1) there exists an overriding interest that overcomes the right of public access to the materials; (2) the overriding interests support sealing the records; (3) a substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) the proposed sealing is narrowly tailored; and (5) no less restrictive means exist to achieve the overriding interest.

F. If Defendants wish to disclose "Confidential" material to any person not identified in paragraphs B(1)-B(6) above, they must proceed in the following manner: the names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to counsel for Plaintiff, along with the basis for the need to disclose the information and/or materials and a description with reasonable specificity of the "Confidential" material to be disclosed. Counsel for Plaintiff shall have ten days to object to such disclosure in writing. If no objection is made in that time, the request is deemed granted. If an objection to the disclosure is asserted by counsel for Plaintiff, Defendants must apply for relief from the Court. Such materials shall not be disclosed pending a decision by the Court on such motion.

## III.
## GENERAL

A. The terms of this Stipulated Protective Order shall be binding on Parties from the time that counsel signs the Stipulation, even if the Court has not signed the Order.

B. This Stipulated Protective Order may be modified or terminated by this Court for good cause shown or by signed stipulation of counsel for the Parties.

C. Counsel may apply to the Court to challenge a designation made by Plaintiff after an attempt has been made to meet and confer over the issue. Upon such a request to the Court to challenge the designation made, the Court shall review the materials in an in-camera hearing and determine whether the designation is appropriate. Parties shall comply with the Stipulated Protective Order unless the Court orders otherwise.

# IV.
# TERMINATION OF THE LITIGATION

A. Within sixty (60) days after a final judgment or settlement, all original "Confidential" materials and copies or portions thereof containing or reflecting information of "Confidential" materials shall be destroyed or returned to counsel for Plaintiff.

B. This Stipulated Protective Order shall survive and remain in full force and effect after the termination of this case and may be enforced as a contract between the Parties, or by application to the Court for a finding of contempt.

This Joint Stipulation may be executed in counterparts. When Parties have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and each counterpart taken together shall constitute one and the same Joint Stipulation.

**IT IS SO STIPULATED.**

Dated: June 13, 2019                              McCORMICK, BARSTOW, SHEPPARD,
                                                  WAYTE & CARRUTH LLP


By: *Deborah A. Byron*
Deborah A. Byron
Attorneys for Defendants County of Calaveras, Calaveras County Sheriff's Office, John P. Bailey, Captain Eddie Ballard, and Lieutenant Tim Sturm

Dated: June 13, 2019                              Slater Law, APC


By: *Theodore Slater*
Theodore Slater
Attorneys for Plaintiff, Coleman Payne

Dated: June 13, 2019                    The Law Offices of Jerome M. Varanini

                                        By:      *Jerome M. Varanini*
                                                Jerome M. Varanini
                                        Attorneys for Defendants, Joy Lynch, Doctor
                                                  Marsha McKay, and
                                           California Forensic Medical Group

**ORDER**

For good cause shown, the Court hereby approves and enters the foregoing Stipulation and Protective Order Regarding All of Plaintiff's Medical Records that are Disclosed to Defendants in the Course of this Case (Doc. 91.)

IT IS SO ORDERED.

Dated:  **June 20, 2019**                        /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE