McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Deborah A. Byron, #105327
  *deborah.byron@mccormickbarstow.com*
Mart B. Oller IV, #149186
  *marty.oller@mccormickbarstow.com*
Laura A. Wolfe, #266751
  *laura.wolfe@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Defendants COUNTY OF CALAVERAS, CALAVERAS COUNTY SHERIFF'S OFFICE, JOHN P. BAILEY, CAPTAIN EDDIE BALLARD and LIEUTENANT TIM STURM

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA,

### FRESNO DIVISION

| | |
|---|---|
| COLEMAN PAYNE, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, a government entity and state in the United States; DEPARTMENT OF STATE HOSPITALS, a government agency form unknown; METROPOLITAN STATE HOSPITAL, an entity form unknown; COUNTY OF CALAVERAS, a government entity in the State of California; CALAVERAS COUNTY SHERIFF, a governmental agency of unknown form; CALAVERAS COUNTY JAIL, an entity form unknown; JOHN P. BAILEY, an individual; JOY LYNCH, an individual; CALIFORNIA FORENSIC MEDICAL GROUP, a business entity of unknown form located in the State of California; DOES 2 through 50 inclusive,<br><br>  Defendants. | Case No. 1:17-cv-00906-DAD-SKO<br><br>**STIPULATION AND ORDER RE AMENDING SCHEDULING ORDER TO CONTINUE DATES** |

IT IS HEREBY STIPULATED by and among Plaintiff COLEMAN PAYNE, Defendants COUNTY OF CALAVERAS, COUNTY OF CALAVERAS SHERIFF'S OFFICE, SERGEANT JOHN BAILEY, CAPTAIN EDDIE BALLARD, LIEUTENANT TIM STRUM (collectively the "County Defendants") and Defendants CALIFORNIA FORENSIC MEDICAL GROUP and JOY LYNCH (collectively the "CFMG Defendants"), through their respective counsel that the Court be requested to enter an Order to continue the following dates previously set[1]:

**DISCOVERY DEADLINES**

Non-Expert Discovery (as to John Payne's Deposition only) – Current Date: November 22, 2019 (previously extended from October 31, 2019)

Non-Expert Discovery (as to John Payne's Deposition only) – Proposed Date: February 28, 2020

Expert Disclosure – Current Date: November 22, 2019 (previously extended from October 31, 2019)

Expert Disclosure – Proposed Date: February 28, 2020

Expert Discovery – Current Date: December 13, 2019

Expert Discovery – Proposed Date: April 13, 2020

**NON-DISPOSITIVE MOTION DEADLINE**

Non-Dispositive Motions – Current Date: January 3, 2020

Non-Dispositive Motions – Proposed Date: May 4, 2020

**DISPOSITIVE MOTION DEADLINES**

Dispositive Motions – Current Date: January 31, 2020

Dispositive Motions – Proposed Date: June 1, 2020

**SETTLEMENT CONFERENCE**

Pretrial SC Telephone Conference – Current Date: November 6, 2019 @ 4:00 p.m.

Pretrial SC Telephone Conference – Proposed Date: March 6, 2020 @ 4:00 p.m.

Settlement Conference – Current Date: November 12, 2019 @ 10:00 a.m.

---

[1] All proposed dates are four months later than the current dates, except where the current dates have already been moved by the Court or the proposed date falls on a weekend, holiday or during a holiday week (such as Thanksgiving).

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2

STIPULATION AND ORDER RE AMENDING SCHEDULING ORDER TO CONTINUE DATES

Settlement Conference – Proposed Date: March 12, 2020 @ 10:00 a.m.

**TRIAL**

Trial – Current Date: July 28, 2020 @ 8:30 a.m.

Trial – Proposed Date: December 7, 2020 @ 8:30 a.m.

Good cause exists for the continuation of the above dates for the following reasons:

1. The County Defendants have diligently attempted to locate and serve John Payne, Plaintiff's father and a critical witness in this case, for over a year. An address of 8340 W. Maya Dr. in Peoria, AZ was provided as Mr. Payne's residence as of June 29, 2018. However, it became clear to the County Defendants (after several unsuccessful attempts to notice and serve Mr. Payne's deposition) that he was no longer residing at the Maya Dr. address and was unable to be served there. The County Defendants attempted to gain updated information from Plaintiff, and ultimately served Interrogatories on Plaintiff seeking the current location of Mr. Payne on May 24, 2019. On July 5, 2019 Plaintiff served responses to the Interrogatories which consisted solely of objections. After meeting and conferring, Plaintiff served "supplemental responses" on September 9, 2019 which stated that Mr. Payne's "last known address" is the Maya Dr. address, to the "best of her knowledge" Mr. Payne is retired and/or unemployed, that he "might be living with his current girlfriend," and that the last time Plaintiff talked to Mr. Payne was September 2, 2019.

In the meantime, Defense counsel also attempted informal means of obtaining the information on Mr. Payne's whereabouts and serving a subpoena by contacting Mr. Payne's personal attorney Samuel Doncaster. The County Defendants have been attempting - since June 30, 2019 - to reach an agreement with Mr. Doncaster to accept service and agree on a date for the deposition, all to no avail (despite many attempts on behalf of the Defendants, most of which without any response from Mr. Doncaster).

On September 20, 2019, the Court held a telephonic discovery conference and ordered that Plaintiff supplement her initial disclosures and her responses to Defendant Ballard's discovery responses to include updated contact information for John Payne. Plaintiff's supplements continued to provide the same Maya Dr. address previously provided.

On October 23, 2019, the Court again held a telephonic discovery conference with the

Parties. As the Court acknowledged, despite over a month having passed, Defendants were no closer to being able to serve John Payne. Acknowledging the significant delays in the setting of Payne's deposition, the Court subsequently ordered that Plaintiff provide updated information and a status update on her efforts to facilitate the deposition with Mr. Payne's attorney no later than the next day.

On October 25, 2019, the Parties and Mr. Doncaster were able to come to an agreement to take the deposition of John Payne on December 11, 2019 in Scottsdale, AZ.

2. John Payne is a vital witness in this matter. Mr. Payne was present at Plaintiff's deposition and was in contact with Plaintiff as recently as September 2, 2019, had communication with County personnel during the time Plaintiff was incarcerated, was in communication with Plaintiff's attorney and Plaintiff during this time (visiting both in person and talking over the phone), and is believed to have extensive knowledge regarding Plaintiff's mental health conditions, prior medical treatment thereof, medications Plaintiff has been prescribed or was taking at the time of her incarceration and prior arrests. In addition, John Payne has been identified by Plaintiff as a person believed to have knowledge of the facts supporting the amount of damages alleged to have been suffered by Plaintiff.

3. John Payne's testimony is critical to Defendants' ability to properly defend this matter, and Defendants will be prejudiced if they are unable to complete his deposition prior to the currently set dates. Because of the importance of this deposition, the Court has already found good cause to move the non-expert discovery cut off to allow for the deposition to be taken. Likewise, the Court has found good cause to extend the expert disclosure date to accommodate the deposition. However, it is critical that Mr. Payne's deposition be taken before any other deadlines pass. The testimony will need to be obtained, reviewed and analyzed by Defendants to determine (a) what, if any, additional experts may be needed to defend the case (thereby affecting the Expert Disclosure deadlines as well as Expert Discovery deadlines); (2) whether or not dispositive motions are appropriate (thereby affecting the Dispositive Motion deadlines); (3) the potential liability, if any, on behalf of the Defendants; and (4) any potential settlement value for the case (thereby affecting the Settlement Conference deadlines). Mr. Payne's testimony is likewise

necessary for trial purposes (whether or not Mr. Payne will testify in person or via deposition transcript), thereby affecting the currently set trial date.

For the foregoing reasons, the Parties hereby stipulate and request that the Court extend the above dates to the new proposed dates, or alternatively, later dates which accommodate the Court's schedule.

Dated: October 24, 2019

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ Laura A. Wolfe*
Mart B. Oller IV
Laura A. Wolfe
Attorneys for Defendants COUNTY OF CALAVERAS, CALAVERAS COUNTY SHERIFF'S OFFICE, JOHN P. BAILEY, CAPTAIN EDDIE BALLARD and LIEUTENANT TIM STURM

Dated: October 24, 2019

SLATER LAW, APC

By: */s/ Theodore Slater* (authorized on 10/25/19
Theodore Slater
Attorneys for Plaintiff COLEMAN PAYNE

Dated: October 24, 2019

THE LAW OFFICES OF JEROME M. VARNINI

By: */s/ Jerome Varnini* (authorized on 10/25/19
Jerome Varnini
Attorneys for Defendants JOY LYNCH and CALIFORNIA FORENSIC MEDICAL GROUP

///

///

**ORDER**

5
STIPULATION AND ORDER RE AMENDING SCHEDULING ORDER TO CONTINUE DATES

Based in part on the parties' above-stipulation, (Doc. 103), and with good cause shown, the Court hereby GRANTS IN PART the parties' stipulated request and ORDERS that the scheduling order dates are modified as follows:[2]

| Event | Prior Date | Continued Date |
|---|---|---|
| Non-Expert Discovery (**as to John Payne's deposition only**) | November 22, 2019 | December 30, 2019[3] |
| Expert Disclosures | November 22, 2019 | January 30, 2020 |
| Rebuttal Expert Disclosures | November 22, 2019 | March 2, 2020 |
| Expert Discovery Completion | December 13, 2019 | April 13, 2020 |
| Non-Dispositive Motion Filing | January 3, 2020 | May 4, 2020 |
| Non-Dispositive Motion Hearing | February 5, 2020 | June 3, 2020 |
| Dispositive Motion Filing | January 31, 2020 | June 10, 2020 |
| Dispositive Motion Hearing | March 17, 2020 | July 21, 2020 |
| Submit Confidential Settlement Statements | October 29, 2019 | February 27, 2020 |
| Telephonic Pre-Settlement Conference | November 6, 2019 | March 4, 2020, at 3:00 p.m. |
| Settlement Conference | November 12, 2019 | March 12, 2020, at 10:30 a.m. |
| Pretrial Conference | June 1, 2020, at 3:30 p.m. | October 19, 2020, at 1:30 p.m. |
| Trial | July 28, 2020, at 8:30 a.m. | December 15, 2020, at 1:00 p.m. |

---

[2] Several of the dates proposed by the parties, including the expert disclosures and rebuttal expert disclosures deadlines, have been adjusted to comport with the Court's calendar and scheduling preferences, to allow the Court adequate time to rule on dispositive motions, and to permit the parties sufficient time to prepare their pretrial submissions and for trial. The parties are advised that the Court will not grant any further extensions of the scheduling order deadlines absent extenuating circumstances.

[3] This deadline has been modified by the Court as the parties have not shown good cause to extend the time for taking John Payne's deposition to February 28, 2020. The Court has already held two informal discovery dispute conferences related to John Payne's deposition on September 20, 2019, and October 23, 2019, (*see* Docs. 96, 97, 99, 100). Following the October 23, 2019, conference, Plaintiff filed a statement stating that John Payne's deposition is set for December 11, 2019, (Doc. 101), and it is not clear why the parties need a continuance past December to complete the deposition. The parties are expected to complete John Payne's deposition by the end of December.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

6

STIPULATION AND ORDER RE AMENDING SCHEDULING ORDER TO CONTINUE DATES

IT IS SO ORDERED.

Dated:  **October 30, 2019**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE