# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEMAN PAYNE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF CALAVERAS, ET AL.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:17-cv-00906-ADA-SKO<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING APPROVAL OF STIPULATION OF GOOD FAITH SETTLEMENT BETWEEN CALAVERAS COUNTY DEFENDANTS AND PLAINTIFF<br><br>(Doc. 138)<br><br>14-DAY DEADLINE |

## I.　INTRODUCTION

On November 10, 2022, Plaintiff Coleman Payne, Defendants County of Calaveras, County of Calaveras Sheriff's Department, Sergeant John Bailey, Captain Eddie Bailey, and Lieutenant Tim Strum (collectively referred to hereinafter as the "Calaveras County Defendants") and Defendants California Forensic Medical Group, Doctor Marsha McKay, and Joy Lynch (collectively referred to hereinafter as the "CFMG Defendants") filed a stipulation that Plaintiff's settlement agreement with the Calaveras County Defendants was made in good faith under section 877.6 of the California Code of Civil Procedure (the "Stipulation"). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). As discussed below, the undersigned recommends the Stipulation be approved.

## II.　DISCUSSION

California Code of Civil Procedure section 877.6 provides that any settling party in an action

in which it is alleged that there are two or more tortfeasors may seek a court's determination that the settlement was made in good faith. *See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs*., 38 Cal. 3d 488, 494-95 (1985). To obtain a good faith determination,

> a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested.

Cal. Civ. Proc. Code § 877.6(a)(2). A court's good faith determination "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id*. § 877.6(c). A party challenging a settlement's good faith has the burden of proof on this issue. *Id*. § 877.6(d). When a district court hears state law claims based on supplemental jurisdiction, as here, it may make a determination of good faith settlement under sections 877 and 877.6. *Rodriguez v. Los Angeles Cty. Sheriff's Dep*'t, No. SACV13681AGPLAX, 2014 WL 12709431, at *2 (C.D. Cal. June 16, 2014); *see also Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims...[t]his court has held that California Code of Civil Procedure section 877 constitutes substantive law...[t]he district court correctly applied California law to resolve ITG's motion to dismiss pursuant to good faith settlement.") (citations omitted).

When no party objects to the proposed settlement, the court enter a finding of good faith when presented merely with a "barebones motion" that sets forth the ground of good faith. *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987) ("We are unaware of any reported decision which has reversed an uncontested good faith determination and we, therefore, conclude that only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors."); *Bonds v. Nicoletti Oil Inc*., No. 07-cv-1600-OWW-DLB, 2008 WL 4104272, at *5 (E.D. Cal. Sept. 3, 2008) ("Because no opposition to the motion has been filed, pursuant to *City of Grand Terrace v. Superior Court*, the *Tech-Bilt* factors

are not considered or weighed."); *PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, 2014 WL 807415, at *2 (N.D. Cal.) (approving unopposed motion for good faith determination and finding it "unnecessary to weigh the *Tech-Bilt* factors").[1]

Here, notice of the settlement agreement between Plaintiff and Calaveras County Defendants and the settlement amount were provided to the attorney for the non-settling CFMG Defendants. (*See* Doc. 138 at 2.) The CFMG Defendants represent that that they do not oppose the settlement agreement and agree that it was made in good faith. *(See id.)* Thus, in light of the parties' consensus that the pending settlement agreement was made in good faith, the undersigned finds that the settlement agreement satisfies section 877.6. *See City of Grand Terrace*, 192 Cal. App. 3d at 1261. *See also Wendell v. Johnson & Johnson*, No. C 09-4124 CW, 2014 WL 12644224, at *2 (N.D. Cal. June 10, 2014).

### III.     CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the Stipulation (Doc. 138) be APPROVED, and the parties be DIRECTED to file a stipulation of voluntary dismissal dismissing of all claims against the Calaveras County Defendants according to the terms set forth in the settlement agreement.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

---

[1] In making a good faith settlement determination, courts consider the following factors: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Tech–Bilt Inc*., 38 Cal.3d at 499 (the "*Tech-Bilt* factors").

(citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 22, 2022**           /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE